THE LEO FOUNDATION *v.* BERNARD E. CABELUS, BUILDING INSPECTOR OF THE TOWN OF BERLIN

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued May 6—decided May 26, 1964

*Anthony I. Wells,* for the appellant (plaintiff).

*James F. Dawson,* for the appellee (defendant).

MURPHY, J. The plaintiff, a corporation, operates a private school in Berlin. The sole defendant is the town building inspector. The plaintiff seeks both prohibitory and mandatory injunctive relief against the defendant in his official capacity and at the same time maintains that the town does not have a legally appointed building inspector. In addition, the plaintiff seeks a judgment declaring that the building code is invalid and that the town does not have a legally appointed building inspector. Finally, the plaintiff asks for a judgment validating a 1959 building permit which expired one year after date of issuance. The court concluded that the plaintiff was not entitled to the relief sought and rendered judgment for the defendant. The plaintiff has appealed.

Of the three assignments of error seeking corrections in the finding, the plaintiff has briefed only two and those only in part. The claims of error not briefed are considered to have been abandoned. *West Realty Co.* v. *Ennis,* 147 Conn. 602, 603, 164 A.2d 409. The claims of error which were briefed will be discussed later.

The unchallenged findings of fact recite that the plaintiff obtained a building permit on July 19, 1959, from the town engineer for the erection of a school building. The permit stated that it was void one year from date of issue. The permit was not

renewed or extended. The foundation of the building was laid in 1959, but the major portion of the construction work was done after the permit expired. On March 12, 1960, the defendant was appointed building inspector by the board of selectmen. Thereafter, on three occasions prior to November 9, 1962, he sought to have the plaintiff obtain permits for work done on the building after the 1959 permit expired. On November 9, 1962, the plaintiff applied to the defendant for a new building permit to complete the construction of the building or, in the alternative, to extend the original permit to allow completion of the construction of the building. The plans for the building did not carry the seal required by General Statutes § 20-293 as a prerequisite to the issuance of a permit.

From these facts, the court was justified in concluding that the plaintiff was not entitled to a prohibitory injunction restraining the defendant from requiring the plaintiff to obtain permits for the work done on the building after the 1959 permit expired or to a mandatory injunction requiring the defendant to issue a new building permit as prayed for in the complaint as amended. Furthermore, the allegations in the amendment to the complaint state that it is the belief of the plaintiff that the defendant has no right to require the plaintiff to obtain permits for the work accomplished without permits nor to refuse to issue a new permit until the past due permits are obtained. An injunction is a harsh remedy. Where the application is based on information and belief without any clear and positive averment of facts sufficient to warrant the relief sought, it will not be granted. *Wells* v. *Bridgeport Hydraulic Co.*, 30 Conn. 316, 323; 1 High, Injunctions (4th Ed.) §§ 34, 35.

The finding does not contain any claims of law raised by the plaintiff in the trial court which it desires to have reviewed on appeal. Practice Book, 1963, §§ 223, 619. Nevertheless, in argument and in its brief, the plaintiff maintains that it is entitled to a declaratory judgment that the Berlin building code is invalid and that there is no legally appointed building inspector to administer the building code. Neither of these issues could have been litigated properly because the town, the party most vitally affected, was not a party to the suit. In the absence of the necessary party, a declaratory judgment could not have been rendered. Practice Book, 1963, § 309 (d); *Adams* v. *Greenwich Water Co.,* 138 Conn. 205, 217, 83 A.2d 177; *Brennan* v. *Russell,* 133 Conn. 442, 445, 52 A.2d 308. Nor does it appear from the judgment file that a declaratory judgment was rendered.

The plaintiff also asked for a judgment validating the 1959 permit. There is nothing in the record before us which would permit the court to render such a judgment.

Ordinarily, this should conclude our discussion of this case. The plaintiff, however, has briefed the claim of error directed to paragraph 20 of the finding and challenges the conclusions reached in paragraphs 25 and 26. There was no documentary evidence to sustain the findings in paragraph 20, and it is stricken. Inferentially, the court concluded that the building code was validly adopted. As has been stated, this claim was beyond the scope of the issues before the court in the absence of the town as a party defendant. Also, the court concluded that the building inspector was legally appointed. But see *State ex rel. Huntington* v. *McNulty,* 151 Conn. 447, 199 A.2d 5. In the manner

in which the case was pleaded, this issue was not encompassed within the issues which the court was called on to decide. Both of these conclusions (paragraphs 25 and 26) are stricken. This action will not affect the judgment for the defendant denying injunctive relief to the plaintiff nor render erroneous the refusal of the court to grant the plaintiff's other prayers for relief.

There is no error.

In this opinion the other judges concurred.