WILLIAM PECK LUMBER COMPANY, INC. *v.* VIRMIDES, INC., ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, JS.

Argued November 5—decided December 22, 1965

*David L. Gussak,* for the appellant (plaintiff).

*Berkeley Cox, Jr.,* with whom, on the brief, was *H. David Leventhal,* for the appellee (defendant Brown).

*Richard J. Seserman,* for the appellee (named defendant).

PER CURIAM. The resolution of this appeal from a judgment rendered for the defendants has been hampered by the inept manner in which the issues have been presented. In the main, the record is as tangled and confusing as the building operations of the defendant Anton Brown, Jr., as well as the operations of the plaintiff and its president, William Peck, who, under a power of attorney obtained from Brown upon the promise to bail out his business, did little more than liquidate Brown's assets for the plaintiff's own benefit.

This litigation, when it was presented to the trial court, involved a note for $4300 executed by Brown in favor of the plaintiff, after Peck had the power of attorney. The note was secured by a mortgage on Brown's property, which was subsequently conveyed to the defendant, Virmides, Inc. The latter then obtained a release of the mortgage from the plaintiff. The plaintiff claims that Virmides, Inc., as a condition for the release, agreed to pay the amount due on Brown's note, but this Virmides, Inc., denied. One of Brown's defenses to the suit on the note was that it was obtained by duress.

In the view which we take of this case, the con-

clusion of the court that the note was made under duress disposes of the appeal. The plaintiff did not brief the assignments of error directed to the findings that Peck had induced Brown to sign the note and mortgage by threatening to have him put in jail for issuing checks against insufficient funds and that Brown believed that Peck could enforce his threat. These assignments and the one directed at the conclusion drawn therefrom, which was also not briefed, are considered abandoned. *Leo Foundation* v. *Cabelus,* 151 Conn. 655, 656, 201 A.2d 654. Thus the conclusion must stand.

A note obtained by duress is void as between the parties. *Walbridge* v. *Arnold,* 21 Conn. 424, 432; 10 C.J.S. 1084, Bills and Notes, § 492 (a); see also *Preston* v. *Bacon,* 4 Conn. 471, 480; *Bunnell* v. *Butler,* 23 Conn. 65, 67; *Mascolo* v. *Montesanto,* 61 Conn. 50, 55, 23 A. 714. And when it is executed under threat of criminal prosecution or arrest, it is void as against public policy. 10 C.J.S. 1085, Bills and Notes, § 492 (a). Furthermore, the assignments of error directed at the finding and conclusion that Virmides, Inc., did not agree to assume responsibility for paying the note have likewise not been briefed and are not considered.

There is no error.