STATE OF CONNECTICUT *v.* HARLIS MILLER

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued February 9—decided March 9, 1967

*Herbert J. Bundock,* public defender, with whom was *G. Sarsfield Ford,* assistant public defender, for the appellant (defendant).

*Otto J. Saur,* state's attorney, for the appellee (state).

ALCORN, J. On December 13, 1962, a grand jury indicted the defendant for murder in the first degree. A jury found him guilty and recommended a sentence of life imprisonment which the court

imposed. The defendant appealed, and we found error and ordered a new trial as reported in *State* v. *Miller,* 152 Conn. 343, 206 A.2d 835. On the retrial a jury found him guilty of murder in the second degree, and the court imposed the mandatory sentence of life imprisonment. General Statutes § 53-11. The defendant has again appealed, assigning error in the denial of his motion to set aside the verdict on the ground that the state failed to prove his guilt beyond a reasonable doubt, in the denial of a motion for a mistrial, and in two rulings on evidence. Two other assignments of error are not briefed and therefore are considered abandoned. *William Peck Lumber Co.* v. *Virmides, Inc.,* 153 Conn. 710, 712, 215 A.2d 912; *Leo Foundation* v. *Cabelus,* 151 Conn. 655, 656, 201 A.2d 654; Maltbie, Conn. App. Proc. § 327.

To sustain the verdict, the evidence must be sufficient to entitle the jury to conclude beyond a reasonable doubt that the victim of the crime had been killed by the defendant with malice aforethought. *State* v. *Kurz,* 131 Conn. 54, 60, 37 A.2d 808. Although the defendant was indicted for murder in the first degree, the jury obviously concluded that the added element of a wilful, deliberate and premeditated killing necessary to establish that crime had not been proved and, by their verdict, they determined the crime to be of the lesser or second degree as they properly could do. General Statutes § 53-9; see *McBrien* v. *Warden,* 153 Conn. 320, 328, 216 A.2d 432; *State* v. *Rossi,* 132 Conn. 39, 41, 42 A.2d 354. In determining whether the evidence was sufficient to sustain the verdict, we test it in the same way which the jury should have done in reaching the verdict, and, if we find it is one which twelve honest jurors acting fairly, intel-

ligently and reasonably might have rendered, we cannot disturb it. *State* v. *Bradley,* 134 Conn. 102, 109, 55 A.2d 114.

The jury could reasonably have found the following facts: In 1962, Isabel Sillan, the deceased, lived in Westport with her husband, two sons, and a fourteen-year-old daughter. The defendant was employed on a part-time basis by a landscape gardener who had done work for the Sillans for ten or twelve years. The defendant had worked on the Sillan property on at least six different days in October and November, 1962, and on the adjoining Stewart property on at least four different days during the same period. The defendant had never failed to report for work on a scheduled day. On Saturday, November 10, he had been engaged to work on Monday, November 12, but he failed to report for work on that day.

On Monday, November 12, Mr. Sillan left for work at about 7 a.m., leaving his wife and daughter in the house. The boys were not at home. He went out the kitchen door, which he closed but did not lock, and took the train for New York. The daughter awoke about 8:45 a.m. and started down the hall toward her parents' bedroom. As she walked past an intersecting hallway, the defendant, who was lurking there, grabbed her by the neck and pulled her back into her bedroom, pushing her against her closed bedroom door. As the defendant held her by the throat, her mother came to the closed door and asked if she was all right. She could not answer because of the defendant's grip on her neck, and she fainted. Regaining consciousness, she went downstairs and saw the defendant on top of her mother on the floor with his hand around her mother's neck. She tried, unsuccessfully, to help

her mother; and the defendant forced them both back to her mother's bedroom where he choked both women and placed a rope around the daughter's neck. The daughter fainted a second time, and, when she regained consciousness, she was on the floor, bound hand and foot, and her mother was on the floor beside her with a rope around her neck, unconscious and breathing heavily. The defendant cut the daughter's bonds, forced her back to her bedroom, again bound her, hand and foot, and left the room for about ten minutes. He then returned, untied her, and ordered her to change into another nightgown, bed jacket and slippers. He again bound her, covered her head and body with a quilt, and carried her downstairs. He then placed her on the floor in the rear of his automobile and drove off with her.

Mr. Sillan returned home about 6:30 that evening and found the house in darkness and the living room and master bedroom in disorder. Opening the door of the bathroom, he found Mrs. Sillan, dead, still clad in her nightgown, seated on the toilet, her head resting against the wall. She had been dead at least six hours. He was unable to find his daughter until about 8 p.m., when, in response to a call from the Norwalk Hospital, he found her there, bleeding, with marks on her neck, and clad only in a night-gown. She had been taken to the hospital following her escape from the defendant's automobile, where she had been held captive all day either bound and tied in the rear seat or imprisoned in the trunk compartment.

Mrs. Sillan died from asphyxiation due to strangulation caused by a rope or clothesline around her neck. Marks which encircled her neck could have been made by a clothesline such as that

used to bind her daughter. When the daughter escaped from the defendant's automobile, her hands were still bound behind her back with a clothesline which was identical in construction and had the same apparent origin as another length of clothesline found behind a bush outside the entrance to the defendant's basement apartment.

Without reciting more of the gruesome details which were before the jury, it is clear that, from those set forth, the jury were fully justified in concluding that the defendant had killed Mrs. Sillan with malice aforethought. Malice aforethought "does not mean simply hatred or specific animosity, . . . but it extends to and embraces generally the spirit or state of mind with which one approaches and commits a given act. It may of course be discoverable in a specific, deliberate intent to kill, but it may also be inferred or implied from circumstances which show a wanton and depraved spirit, a mind bent on mischief and evil without regard to their consequences. . . . [M]alice in this sense includes all those states of mind in which a homicide is committed without legal justification, extenuation or excuse." *State* v. *McGuire,* 84 Conn. 470, 476, 483, 80 A. 761; *State* v. *Jacowitz,* 128 Conn. 40, 44, 20 A.2d 470. Malice aforethought may be proved by circumstances from which it may be inferred as a question of fact. *State* v. *Bissonnette,* 83 Conn. 261, 267, 76 A. 288. Thus, the verdict of murder in the second degree was clearly justified.

On the day following the crime, the defendant left Connecticut for Florida and, on November 16, was arrested in Georgia, where he had stopped en route, as we related in *State* v. *Miller,* 152 Conn. 343, 346, 206 A.2d 835. One of the evidential rulings assigned as error in the present appeal

relates to a portion of the testimony of the Connecticut police officer who went to Georgia to bring the defendant back to Connecticut. Over the defendant's objection, the officer testified that, when he went to Georgia, he had, in his possession, an arrest warrant for the defendant. The objection made was that the answer had "no significance in this case" and that it was prejudicial. The first ground of objection is not briefed and is, therefore, considered abandoned. See *State* v. *Stallings,* 154 Conn. 272, 276, 224 A.2d 718. On appeal it is claimed that the testimony violated the best evidence rule. This claim was not made at the trial, and hence we do not consider it. *LaVoie* v. *Marshall,* 141 Conn. 681, 687, 109 A.2d 508. The only claim now properly before us, namely that the testimony was prejudicial, is based on the claim that "it told the jury that the police were confident that the accused was their man." Even if we assume that the testimony could have the effect claimed, we find nothing in this testimony which would tend to excite the passions, awaken the sympathy or influence the judgment of the jury. See *St. Martin* v. *New York, N.H. & H.R. Co.,* 89 Conn. 405, 411, 94 A. 279. Testimony concerning the flight and capture of the defendant was relevant. *State* v. *Ford,* 109 Conn. 490, 496, 146 A. 828; *McClung* v. *State,* 206 Ga. 421, 423, 57 S.E.2d 559; 1 Wharton, Criminal Evidence (12th Ed.) § 205. Evidence that the officer had a warrant for the defendant's arrest when he went to Georgia to return Miller to Connecticut could not have been prejudicial.

After the defendant was brought back to Connecticut, Mrs. Sillan's daughter was asked to identify him in a police lineup. Testimony of a police officer, admitted by the court over the defend-

ant's objection, is the subject of another assignment of error. The officer testified that the girl was given instructions by him, viewed the lineup without pointing to anyone in it, then left the room and talked with the officer after which she returned to the lineup and pointed out the defendant. Thereupon, defense counsel, on cross-examination, emphasized that identification was not made on the first viewing but only on the second viewing after the girl talked with the officer, but he cut short an attempt by the officer to explain further. On redirect examination, the state's attorney asked the witness what instructions he gave. The defendant's counsel objected on the ground of hearsay. The court overruled the objection, and the officer testified in substance that he instructed the girl that she should view the lineup but say nothing, then leave the room with the officer and her father and tell them her decision and, if she had identified the intruder, return to the room and point to him. The objection was without merit. Testimony of the contents of a prior oral statement, offered through the person who made the statement and offered only to prove that it was made, is not hearsay. *Gyro Brass Mfg. Corporation v. United Automobile Workers,* 147 Conn. 76, 80, 157 A.2d 241. Moreover, the defendant's counsel having brought out the fact that the identification procedure was due to instructions given to the girl, the jury were entitled to know what those instructions were. The ruling was not erroneous.

The defendant's final assignment of error is the court's denial of a motion for a mistrial because Mrs. Sillan's daughter, in describing what took place during the time when she was the defendant's prisoner in his automobile, in substance accused the

defendant of committing a heinous and felonious act toward her. We have no facts before us on this record concerning this incident during the trial except the bare statement in the finding that the defendant moved for a mistrial based on the witness' characterization of this offense. The record does not disclose that the court took any action on the motion. The denial of a motion for a mistrial made in the course of a trial is an interlocutory ruling which can only be presented by a finding. *Genuario* v. *Finkler,* 136 Conn. 500, 502, 72 A.2d 57; *State* v. *Williamson,* 134 Conn. 203, 204, 56 A.2d 460. The defendant has, however, printed, in the appendix to his brief, the details of what he claims happened. From this recitation it does not appear that he moved for a mistrial but rather that he objected to the answer and moved that it be stricken. The court struck out the answer and immediately instructed the jury to disregard it. The same recital of what occurred also appears in the appendix to the state's brief. There, it further appears that, in the charge to the jury at the conclusion of the case, the court also reminded the jury that, during the trial, it had had occasion to exclude evidence and charged them not to consider any such evidence.

We have ignored the faulty way in which this assignment of error is attempted to be presented and have considered the excerpts from the trial transcript printed in the appendices. In the exercise of the wide discretion accorded to the trial judge in passing on a motion for a mistrial, the guiding general rule is that the motion should not be granted unless there has been an occurrence in the course of the trial of such a character that it is apparent to the court that, because of it, a party cannot have a fair trial and the whole proceedings

are vitiated. *Ferino* v. *Palmer,* 133 Conn. 463, 466, 52 A.2d 433; *State* v. *Leopold,* 110 Conn. 55, 60, 147 A. 118. Since the court found that the defendant did make a motion for a mistrial and since the trial actually proceeded to a conclusion, it is obvious that the motion must have been denied. The parties being in agreement, as appears from the appendices to their briefs, concerning the circumstances surrounding the ruling complained of, we may assume the facts as stated to be accurate. The answer of the witness which is complained of does not appear to have been prompted by the state but was, rather, the witness' own short way of describing a brief part of an otherwise lengthy description, which had come in without objection, of the defendant's conduct toward her during the period of her confinement in his automobile. The trial court could properly have concluded that there was nothing in the witness' answer which could not be cured by its being stricken and by the charge to the jury to disregard it. We cannot find that the trial court abused its discretion in not declaring a mistrial.

There is no error.

In this opinion the other judges concurred.