Lynne C. Van Housen et al. *v.* Susan Monico

Appellate Session of the Superior Court

File No. 289

Argued November 10—decided December 24, 1976

*Michael S. Miles,* for the appellant (defendant).

*Howard R. Steeg,* for the appellees (plaintiffs).

Per Curiam. In April, 1973, the plaintiffs sold their 1970 car to the defendant's daughter for $1250. The daughter, who was then in the military service, sent the plaintiffs a check for $600. The check was returned by the drawee bank with a notice that the daughter's account was closed. In October, 1973, the plaintiff Lynne Van Housen received a check for $10 from the defendant with a letter in which the defendant expressed regret that "this happened," explained that her daughter was a very sick girl, thanked the plaintiff for being so nice and stated that she would make weekly payments, if possible, until the $600 check and the balance due on the car were paid. Thereafter, the plaintiffs looked to the defendant, rather than her daughter, for payment in full and commenced no civil or criminal litigation against the defendant's daughter. The trial court concluded that that forbearance together with the payments made by the defendant and relied on by the plaintiffs was consideration for the defendant's agreement.

The issuance of a check with the knowledge that the check will not be paid because the issuer has no account at the drawee bank constitutes a criminal offense under General Statutes § 53a-128. Although the finding contains only the bare bones of the

transaction involving the check, it is clear that the defendant's daughter was exposed to the risk of criminal prosecution for having issued a check on a closed account. Insofar as forbearance to institute such prosecution formed a part of the consideration for the defendant's agreement to pay her daughter's indebtedness to the plaintiffs, that forbearance tainted the entire transaction between the parties. An agreement made in whole or in part "to suppress an enquiry into the commission of an offense, or to prevent, in any measure, the administration of criminal justice" is void. *Walbridge* v. *Arnold,* 21 Conn. 424, 432; see *William Peck Lumber Co.* v. *Virmides, Inc.,* 153 Conn. 710, 712; *McMahon* v. *Smith,* 47 Conn. 221, 223; 17 Am. Jur. 2d, Contracts, § 200; 6A Corbin, Contracts § 1421; Restatement, 2 Contracts § 548 (1).

The trial court's conclusion that forbearance in commencing civil or criminal litigation together with the instalment payments made by the defendant and relied on by the plaintiffs was consideration for the defendant's agreement is equivocal. There is no finding that the defendant requested that forbearance. If the trial court used the term reliance to mean that the plaintiffs depended upon receiving further payments from the defendant because they had already received some payments from her, then the trial court's conclusion does not aid us in deciding the issue. If on the other hand, what is meant is that the forbearance was in reliance on the payment by the defendant of her daughter's obligation, then the conclusion is not supported by the subordinate facts and therefore cannot stand.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

PARSKEY, D. SHEA and SPONZO, Js., participated in this decision.