[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISQUALIFY THE STATE'S ATTORNEY'S OFFICE
The Defendant has moved to disqualify the New London State's Attorney's office because she may call Kevin Kane, State's Attorney for New London County, to testify.
A hearing was held on this motion on December 19, 2000 in which the following was related to the Court:
The state may attempt to offer consciousness of guilt evidence based on two theories: 1 2 the Defendant traveled to and resided in England and Ireland prior to her arrest and 2.) the Defendant consulted with Attorney Hugh Keefe before she was a "clear target of the investigation." As a third issue, the state may call Attorney Robert Axelrod to testify about conversations he had with his client, Haiman Clein, a co-defendant in this matter. Attorney Axelrod would testify to conversations he had with Mr. Clein early in the representation wherein Mr. Clein made statements inculpating the Defendant.
This Court previously permitted the Defendant's prior counsel, Attorney Hugh Keefe, to withdraw due to the fact that his testimony may be CT Page 1603 necessary to the Defendant in order to rebut these possible consciousness of guilt theories. The Defendant asserts that if the Court permits consciousness of guilt evidence, Attorney Keefe's testimony will be necessary. Therefore, it is claimed that Attorney Kane is going to be an "important" witness "either for the state or defense" because of the number of conversations Attorney's Kane and Keefe had regarding the issues that surround the consciousness of guilt theories. The State has indicated Attorney Kane will not represent the State in the prosecution of Ms. Carpenter.
With respect to any consciousness of guilt testimony, when considering flight as consciousness of guilt, "[t]he trial judge must perform a balancing test to determine whether the prejudicial value of the evidence of flight outweighs its probative value." State v Reddick,33 Conn. App. 311, 331 (1993). The trial court must determine "if the evidence of flight is relevant and probative as to the issues in the case, and, if so, whether the evidence is so prejudicial that one would be forced to wonder whether the evidence is not directed to punishing "the wicked generally rather than resolving the issue of guilt of the offense charged.'" State v Kelly, Memo. of Decision on Motions in Limine concerning consciousness of guilt, flight and explanation of flight — CR152961 (5-1 4-97) citing State v Freeney, 228 Conn. 582, 603
(1994). "Flight, when unexplained, tends to prove a consciousness of guilt." State v Ferrara, 176 Conn. 508, 516 (1979) citing State v.Beaulieu, 164 Conn. 620, 632, 325 A.2d 263 (1973); State v Miller,154 Conn. 622, 628, 228 A.2d 136 (1967); State v Ford, 109 Conn. 490,496, 146 A.2d 828 (1929).
"Flight may be established by proof of the efforts of the police to locate the defendant." United States v Waldman, 240 F.2d 449, 452 (2d Cir. 1957). The fruitless efforts of law enforcement to locate a defendant "may tend to show that the defendant intended to elude them."Kanner v United States 34 F.2d 863, 866 (7th Cit. 1929). However, this must be supported by evidence, either direct or circumstantial, that the defendant knew he was wanted by the police. Ferrara @ 517. If it is shown that a defendant has a "guilty conscious" as a state of mind, this is "strong evidence" that the defendant is guilty. State v Burak,201 Conn. 517, 533, 518 A.2d 639 (1986) citing 2 Wigmore, Evidence (3d Ed.) 273.
When considering the above, it is far from clear that the trial court will permit consciousness of guilt evidence, However, for purposes of the instant issue, it will be assumed consciousness of guilt evidence will be permitted.
When either side in a criminal prosecution seeks to call a prosecutor CT Page 1604 who is or has been professionally involved in the case, a compelling need must be demonstrated before his testimony will be permitted. Ullman v.State, 230 Conn. 698, 647 A.2d 324, 334 (1994). Under this test, the party wishing to call a prosecutor must demonstrate that the prosecutor's testimony is "necessary and not merely relevant' and that all other available sources of comparably probative evidence have been exhausted."Id. at 333.
There are four policies behind this test: 1.) the risk that the prosecutor may not be a fully objective witness, 2.) the fear that the prominence of his office may enhance his credibility artificially, 3.) the fear of juror confusion due to the dual role of witness and advocate, and 4.) the concern for public trust. U.S. v Birdman, 602 F.2d 547 (3d Cir. 1979); U.S. v Johnston, 690 F.2d 638 (7th Cir. 1982); State v Thomoson,20 Conn. App. 296, 567 A.2d 837 (1989).
In order to meet the first part of the compelling need test, the Defendant must show that Attorney Kane's testimony is necessary and not merely relevant. Nothing produced at the hearing persuades this Court that this high burden has been reached. In fact, the Court believes, based upon the current contentions, that such a claim is speculative, at best.
With respect to Defendant's claim that Attorney Kane's testimony is necessary to rebut Attorney Axelrod's testimony, again, at this juncture the contention is rooted in speculation.
At the hearing the defense contended that if Attorney Axelrod is allowed to testify to conversations he had with his client, Mr Clein:
 the door's gonna be wide open in terms of conversations that Mr. Axelrod had with Mr. Kane because at this point we're going to be seeking discovery of the State's file as to what did Mr. Axelrod tell Mr. Kane about his client's position, vis-a-vis the involvement of my client . . . it seems to me that if Mr. Axelrod has informed Mr. Kane, informed Mr. Kane or the State's Attorney's office at some point in his representation of Mr. Clein that his client was not involved . . . we have situations right now in terms of Brady obligations where Mr. Axelrod's on the phone with Mr. Kane saying -. or Mr. Murray for that matter. I don't know who he's talking to. "My client's not involved. He's — in fact, he had nothing to do with this' . . . that is a real problem I respectfully submit to Mr. Kane as part of those CT Page 1605 conversations and no one knows where that's going. State v Carpenter, supra, pp. 5-6 + pp. 13-14.
Again, it is speculative at best that Attorney Kane's testimony would be needed or permitted. Because the Defendant has to show that Attorney Kane's testimony is required, there is no need to analyze the second part of the compelling need test here, other than to note that even if the testimony were necessary, there appears to be other available means to present it to the jury.
The defense also argued that Attorney Kane is well regarded in the community due to his status as State's Attorney for the county. The defense argued, "[f]or his office to be sitting here calling him as a witness or the defense calling him as a witness has to have an effect on the credibility of the other side and that is the prosecution that enhances that office's credibility to call their head as a witness."State v Carpenter, supra, 21-22. This very argument is one of the reasons our Supreme Court adopted the compelling need test and is something the test seeks to avoid. However, as the State pointed out, because Attorney Kane is so well regarded, disqualifying the State's Attorney's office will do nothing to change the public's perception of Attorney Kane regardless of who ends up calling him as a witness or who prosecutes the case.
The parties also raise the issue of the Rules of Professional Responsibility. The trial court is charged with the duty of both regulating attorney conduct and enforcing the standards of conduct prescribed by the Rules of Professional Conduct which have regulated Connecticut attorneys since October of 1986. Bergeron v Mackler,225 Conn. 391, 397, 623 A.2d 489 (1993).
 Rule 3.7(a) regards lawyers acting as witnesses and states: A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) The testimony relates to an uncontested issue; (2) The testimony relates to the nature and value of legal services rendered in the case; or (3) Disqualification of the lawyer would work substantial hardship on the client. Practice Book, Rule of Professional Conduct 3.7
 Rule 3.7(b) states "[a] lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9." CT Page 1606 Practice Book, supra @ Rule 3.7
 Rule 1.7(a) regards a lawyer not representing one individual when that representation will be directly adverse to another client and, therefore, does not apply here. Practice Book, supra @ Rule 1.7
 Rule 1.7(b) regards a lawyer not representing a client if that representation may be materially limited by the lawyer's responsibilities to another client, to a third party, or to his own interests and does not apply here. Id.
 Rule 1.9 regards a lawyer who has formerly represented a client. 1.9(1) says that the lawyer shall not thereafter represent another in the same or substantially related matter where that person's interests are materially adverse to the interests of the former client. 1.7(2) says that the lawyer may not use information relating to the representation to the disadvantage of the former client.
 These Rules of Professional Responsibility are not applicable here.
 In conclusion, the Court finds that the Defendant has not shown a "compelling need" to call Attorney Kane and, in any event, the Rules of Professional Conduct do not require the disqualification of the New London State's Attorney's Office.
Accordingly, the Motion to Disqualify is denied.
Stuart M Schimelman, J.