## MEADOWBROOK THIRD CO-OP, INC. *v.* TOWN OF HAMDEN

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 7—decided December 4, 1973

*Marc A. Wallman,* with whom, on the brief, was *Steven R. Rolnick,* for the appellant (plaintiff).

*Henry W. O'Brien,* for the appellee (defendant).

MacDonald, J.  This is an appeal from a judgment of the Court of Common Pleas denying the request of the plaintiff for a declaratory judgment and for injunctive relief against the defendant town of Hamden in connection with an increased tax assessment against the plaintiff on the list of 1971 and the collection from the plaintiff of certain taxes claimed to be due on July 1, 1972. The issues raised by the assignment of errors, which attacked only the court's conclusions and the overruling of the plaintiff's claims of law, are (1) whether an extension of time granted by the state tax commissioner to the Hamden board of tax review under § 12-117 of the General Statutes to complete its duties was valid and (2) assuming such extension invalid whether § 12-115 gave the board of tax review authority to add to the plaintiff's assessment list property previously "omitted."

The facts, as stipulated by the parties, are as follows: On March 13, 1972, the board of tax review, an administrative agency of the defendant town of Hamden, notified the plaintiff by letter that it was contemplating adding certain property to the plaintiff's assessment list pursuant to § 12-111 of the General Statutes.[1] On April 4, 1972, the plaintiff was advised by letter that, pursuant to such noti-

---

[1] Section 12-111 provides, in relevant part, that "before proceeding to increase the list of any person . . . it shall mail to him, postage paid, at least one week before making such increase . . . a written or printed notice addressed to him at the town in which he resides, to appear before such board and show cause why such increase . . . should not be made."

fication, the board had increased the assessment of the plaintiff's property by $401,510. Under § 12-110 sessions of the board of tax review may be held "not later than the last business day of February, on or before which date such board shall complete the duties imposed upon it." On February 14, 1972, the board of tax review submitted to the state tax commissioner a written request for an extension of time to complete its duties *"for reasons beyond our control"* (emphasis added), pursuant to § 12-117,[2] and on February 16, 1972, the state tax commissioner sent a letter to the board of tax review "purporting to grant" such extension of time. As of January 31, 1972, the Hamden tax assessor had compiled an assessment list for the plaintiff's property but the defendant town of Hamden is requiring the plaintiff to pay an increased amount of taxes based upon the action of the board of tax review in increasing the assessment list as described above.

It is the contention of the plaintiff that the extension of time for the completion of its duties given to the board of tax review by the tax commissioner was invalid by reason of the fact that the letter requesting the extension failed to state "due cause" as required by § 12-117 because the only "reasons there-

---

[2] Section 12-117 provides, in relevant part: "The period prescribed by law for the completion of the duties of any assessor, board of assessors or board of tax review may, for due cause shown, be extended by the tax commissioner for a period not exceeding one month, provided such assessor or board shall submit to said commissioner, not less than ten days before the expiration of the period prescribed by law, a request in writing, approved by the chief executive officer of the municipality, for such extension, setting forth the reasons therefor. . . . If an extension is granted to any board of tax review, the time within which any taxpayer may appeal from the decision of such board and the time within which the town clerk shall transmit an abstract of the assessment lists shall be extended for a like period."

for" given, as required by the statute, were "reasons beyond our control." Since the extension was invalid, the plaintiff argues, the board of tax review was without jurisdiction to increase its assessment after the last business day of February, 1972.

In its complaint, the plaintiff alleges that the "State Tax Commissioner was without authority to grant such extension" because requests for such extensions "must show 'due cause' . . . by 'setting forth the reasons therefor' . . . [and because] '[f]or reasons beyond our control' does not constitute a showing of 'due cause' sufficient to allow the State Tax Commissioner to extend the period of time for the completion of the duties of said Board of Tax Review." On the basis of that allegation, it asks "[t]hat a declaratory judgment be issued determining whether the action of the Board of Tax Review . . . is valid and binding, or . . . invalid, null and void."

If viewed as a declaratory judgment action seeking a determination that the tax commissioner was without authority to grant the extension, the action must fail for the simple reason that the tax commissioner was not made a party to the action. The situation here is somewhat similar to that presented in *Leo Foundation* v. *Cabelus,* 151 Conn. 655, 201 A.2d 654, an action against the building inspector of the town of Berlin seeking a declaratory judgment that the town building code was invalid. In sustaining the denial of the relief sought, this court said (p. 658): "[T]he plaintiff maintains that it is entitled to a declaratory judgment that the Berlin building code is invalid and that there is no legally appointed building inspector to administer the building code. Neither of these issues could have been

litigated properly because the town, the party most vitally affected, was not a party to the suit. In the absence of the necessary party, a declaratory judgment could not have been rendered. Practice Book, 1963, § 309(d)." In *Connecticut Society of Architects, Inc.* v. *Bank Building & Equipment Corporation*, 151 Conn. 68, 193 A.2d 493, an action for a declaratory judgment determining whether certain practices of the defendant constituted unlawful practice of architecture and for an injunction, we said (p. 77): "[E]ven if the plaintiff could properly have brought this action, the architectural examining board should have been made a party." Here the tax commissioner was entitled to be heard in an action for a declaratory judgment defining his statutory authority to grant extensions of time to boards of tax review.

Even if viewed simply as an action for injunctive relief to which the tax commissioner was not a necessary party, we cannot find error in the conclusion of the trial court that the plaintiff had failed to prove the allegations of its complaint that "for reasons beyond our control" does not constitute a showing of "due cause" for granting the requested extension. The tax commissioner, by granting the extension, obviously regarded the phrase used as constituting "due cause" and such a determination was a matter calling for the exercise of the commissioner's discretion. In a case involving the granting by the trial judge of an extension of time for filing an appeal under a statute giving the court such authority "for due cause shown" this court stated: "The finding of due cause must be largely within the discretion of the trial judge and uncontrolled, unless the circumstances show an abuse of discretion." *La Croix* v. *Donovan*, 97 Conn. 414, 417, 117 A. 1.

In that case, no reason whatsoever was given for requesting the extension, but in the case before us the tax commissioner in the exercise of his discretion, considered "reasons beyond our control" as a showing of "due cause" and no evidence was introduced by the plaintiff to show that such words did not constitute due cause and that the commissioner abused his discretion by failing to comply with the statute.

Since the foregoing conclusions are dispositive of this appeal, it is not necessary to consider the alternative issue raised by the application of § 12-115 of the General Statutes pertaining to the preparation of "a supplemental list of any taxable property which has been omitted by the assessors and the board of tax review."

There is no error.

In this opinion the other judges concurred.