VERA KUFFERMAN ET AL., CO-EXECUTORS (ESTATE OF MERRITT KUFFERMAN) *v.* FAIRFIELD UNIVERSITY (3516)

HULL, BORDEN and DALY, Js.

Argued May 14—decision released August 27, 1985

*John J. D'Arcy,* for the appellants (plaintiffs).

*Stephen F. Donahue,* with whom was *Elaine M. Scanlon,* for the appellee (defendant).

BORDEN, J. The plaintiffs' decedent[1] brought this action to recover for damages to premises he leased to the defendant university. The defendant counterclaimed for double its security deposit plus interest, pursuant to General Statutes § 47a-21 (d) (2). The court rendered judgment for the plaintiffs on the complaint in the amount of $854 and for the defendant on the counterclaim in the amount of $12,380. The plaintiffs appealed, raising three claims of error on the complaint, one of which is dispositive, and one claim of error on the counterclaim.

The decisive claim of error on the complaint is that the trial court erred in reversing, after the trial, a ruling which it had made on the admissibility of an item of evidence. During the trial, the court admitted into evidence, over the defendant's objection, a letter written by the defendant stating that it was willing to concede $3600 for painting although its position was that

---

[1] The original plaintiff, Merritt Kufferman, died prior to the court's original entry of judgment. The court subsequently opened and amended the judgment to reflect a date prior to the original plaintiff's death. A motion to substitute Vera Kufferman and John J. D'Arcy, co-executors of Merritt Kufferman's estate, as plaintiffs was also granted, although they are incorrectly named in their individual capacities rather than as co-executors. We refer to Vera Kufferman and D'Arcy as the plaintiffs.

it was not responsible for this item of repair. In an "addendum" to the court's memorandum of decision, however, the court stated that it "now agrees with the defendant's objection and rules that it is part of the settlement negotiation and . . . therefore may not be considered by the court."[2] We find error.

Although the court suggests that it did not consider this item of evidence in making its decision, the post-trial exclusion of this evidence after it had been admitted cannot be seen as harmless error which did not possibly affect the court's conclusion. Cf. *Low Stamford Corporation* v. *Stamford,* 164 Conn. 178, 185, 319 A.2d 369 (1972). "When inadmissible evidence is received subject to objection and afterwards excluded, a party may be injured, either by the influence such evidence may have had, even unconsciously, on the mind of the judge, or by the confusion and embarrassment which the uncertainty as to what has and has not been proved, may subject counsel in the trial of their cause." *Fuller* v. *Metropolitan Life Ins. Co.,* 68 Conn. 55, 63, 35 A. 766 (1896); see also General Statutes § 52-208 (when evidence is objected to as inadmissible, court must pass on objection and admit or reject evidence, unless parties agree it may be admitted subject to objection).

It is difficult to say whether the evidence ultimately ruled inadmissible affected the trial court's decision;

---

[2] The entire addendum provided as follows: "In response to the plaintiff's letter to the defendant itemizing the damage which he claimed was caused by the defendant's tenants and the cost of repairing same, the defendant wrote a letter, in effect, rejecting the plaintiff's claims (Exhibit C). In that letter the defendant states that it had been willing to concede the amount of $3600.00 for painting, although it believed this was not actually due. At the time that this letter was introduced into evidence the objection was made that it was a part of a settlement negotiation. The court rejected that objection but, upon further consideration of the contents of the letter and the context in which it was issued, now agrees with the defendant's objection and rules that it is part of the settlement negotiation and therefore may not be considered by the court."

*Kovacs* v. *Szentes,* 130 Conn. 229, 232, 33 A.2d 124 (1943); whether the evidentiary defect might have been cured; see *Rischall* v. *Bauchmann,* 132 Conn. 637, 646, 46 A.2d 898 (1946); or whether the plaintiffs would have introduced other evidence if they had known that this evidence was to be excluded. See *Fuller* v. *Metropolitan Life Ins. Co.,* supra, 63–64. Given the potential use of the evidence as an admission that the defendant consented to pay the plaintiffs $3600 to paint the premises; see footnote 2, supra; and the unorthodox manner of its exclusion, we cannot say that the plaintiffs were not harmed. A new trial is therefore required. *Rischall* v. *Bauchmann,* supra; *Fuller* v. *Metropolitan Life Ins. Co.,* supra.

We do not reach the plaintiffs' other claims on the complaint since it is unclear that they will recur on a retrial. We address, however, the plaintiffs' claim of error on the counterclaim that damages under General Statutes § 47a-21 (d) (2) cannot properly be awarded in this case. We do so because the counterclaim was statutory in nature and had a separate factual basis from the complaint. Therefore, if there is no error on the counterclaim, there is no reason why the factual issues already determined on the counterclaim should be relitigated on the remand with the completely distinct questions raised in the complaint.

General Statutes § 47a-21 (d) (2)[3] imposes liability for twice the value of any security deposit on a landlord

---

[3] General Statutes § 47a-21 (d) (2) provides in full as follows: "Upon termination of a tenancy, any tenant may notify his landlord in writing of such tenant's forwarding address. Within thirty days after termination of a tenancy, each landlord other than a rent receiver shall deliver to the tenant or former tenant at such forwarding address either the full amount of the security deposit paid by such tenant plus accrued interest as provided in subsection (i) of this section, or a written notification advising the tenant of the nature of any damages suffered by such landlord by reason of such tenant's failure to comply with such tenant's obligations. If such landlord delivers such notification, the balance of any security deposit and

who violates the provisions of that subsection. The provisions of the subsection are that within thirty days after termination of a tenancy a landlord must deliver to the terminating tenant either the full amount of the tenant's security deposit plus interest or "a written notification advising the tenant of the nature of any damages suffered by [the] landlord by reason of [the] tenant's failure to comply with [the] tenant's obligations." If the landlord chooses to deliver the notification of damages, he must deliver, within sixty days after termination of the tenancy, a written statement itemizing the nature and amount of the damages he sustained along with any balance of the security deposit plus interest. See footnote 3, supra. The court, therefore, need only determine two factual questions to award twice the value of the security deposit under the statute: (1) Was the security deposit returned with interest, or a written notification of damages delivered, within thirty days of the tenant's termination; and (2) if a written notification of damages was delivered, was the balance of the security deposit and a statement of damages delivered within sixty days of the termination?

The court found, from the evidence adduced under the counterclaim, that the answer to both of these questions was negative. It found that the tenancy terminated on May 30, 1982, but that the only notification given to the defendant regarding the security deposit or damages was a letter dated July 26, 1982.[4] The court

accrued interest due and a written statement itemizing the nature and amount of damages shall be delivered to such tenant at his forwarding address within sixty days after termination of the tenancy. Any such landlord who violates the provision of this subsection shall be liable for twice the value of any security deposit paid by such tenant."

[4] The memorandum of decision states that the letter was dated July 27. The trial court, however, made clear that the letter to which it was referring was Exhibit E, which is dated July 26. The incorrect date of July 27 in the court's memorandum of decision appears to be merely a clerical error. The parties did not seek rectification of the trial court's memorandum and refer to July 26 as the correct date of the letter in their briefs. We do likewise.

found, therefore, that the plaintiffs violated the provisions of General Statutes § 47a-21 (d) (2) and were liable to the defendant for twice the value of its security deposit. We cannot say that the court's conclusion, based on the evidence, was clearly erroneous.

There is error in part, the judgment on the complaint is set aside and a new trial is ordered.

In this opinion the other judges concurred.