[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a dispute concerning residential rental property. The defendants are the owners of a single family house located 26 Lockwood Drive, Old Greenwich, Connecticut. They leased the entire premises to the plaintiffs pursuant to a written lease. The lease expired on May 31, 1993 when the plaintiffs vacated the premises. The parties are in dispute concerning the security deposit and damages to the premises.
The plaintiffs filed a four count amended complaint. They sought money damages for breach of contract, violation of the security deposit statute, Connecticut Unfair Trade Practices Act damages and attorney's fees pursuant to C.G.S. § 42-150bb. The defendants filed five special defenses alleging that the tenants failed to comply with statutory forwarding address requirements, landlord's compliance with the security deposit statute, damages to the property by way of set-off, accord and satisfaction, and violation of the receipt provision of the written lease. The landlords also filed a counterclaim seeking money damages for physical damages to the premises.
The plaintiffs, in their claims for relief, seek money damages, costs, interest, double the security deposit and attorney's fees under C.G.S. § 42-150bb. In the counterclaim, the defendants seek money damages and attorney's fees pursuant to the lease agreement.
The case was referred to Attorney Marylouise S. Black, an attorney trial referee, in accordance with C.G.S. § 52-434(a)(4) and Practice Book § 428 et seq. The attorney trial referee conducted a trial and filed a nineteen page report including detailed findings of facts and conclusions of law.
Both parties moved, pursuant to Practice Book § 438, to correct the report. The plaintiffs' motion to correct was denied by the ATR. The defendants' motion to correct was granted. The ATR recalculated the escrow interest, the net refund and attorney's CT Page 6381 fees. In addition, the report was corrected to indicate that the plaintiffs did not prevail on the third count in CUTPA. A new nineteen page corrected report was filed by the ATR on February 13, 1996. The defendants filed a second motion to correct the February 13, 1996 report. The ATR denied defendants' second motion to correct.
The ATR recommended that a judgment for the plaintiffs on their complaint be entered as to count one in the amount of $2,034.47 plus interest in the amount of $473.20 (845 days at $0.56 per diem) plus costs. As to count three, the ATR recommended a judgment in the amount of $678.16 as attorney's fees. This court notes that in the body of the decision, the ATR specifically found for the defendants on the CUTPA count, which is the third count. The only claim for attorney's fees in the plaintiffs' complaint is in the fourth count based on C.G.S. § 42-150bb. Pages 16, 17, and 18 of the ATR's report clearly show that the ATR awarded the attorney's fees pursuant to C.G.S. § 42-150bb. The reference in the ATR's report to "Count 3: $678.16 attorney's fees" is a scrivener's error and should read "Count 4: $678.16 attorney's fees". As to counts two and four of the plaintiffs' amended complaint the issues were found for the defendants. The issues on the five special defenses were found for the plaintiffs. The issues on the defendants' counterclaim were found for the plaintiffs.
On March 1, 1996, the defendants filed a motion to accept the report of the ATR and submitted supporting memoranda. On June 17, 1996 the plaintiffs filed an objection to acceptance of the ATR's report. Neither party filed exceptions to the report. No transcript was filed with the court, as per Practice Book § 439. It follows, therefore, that the factual findings by the ATR must stand. Failure to file exceptions pursuant to Practice Book § 439 constitutes a waiver of the right to "attack the subordinate factual findings contained in the report." Bernard v. Gershman,18 Conn. App. 652, 655 (1989).
There are generally two issues for the court in reviewing an ATR's report. The first is to determine whether there is support in the record of the ATR's factual findings. In that regard the trial court may not engage in fact-finding contrary to the report of the referee. Dills v. Town of Enfield, 210 Conn. 705, 714
(1989). Since no exceptions were filed seeking Practice Book § 439 corrections by the court of the ATR's findings, the parties have waived the right to attack the subordinate factual CT Page 6382 findings. Dill v. Town of Enfield, supra 716. Therefore, this court must accept the facts as found by the ATR.
The second issue for the court in reviewing a trial referee's report, is to determine whether "the conclusions reached were in accordance with the applicable law." Thermoglaze, Inc. v.Morningside Gardens Co., 23 Conn. App. 741, 746 (1991); Bernardv. Gershman, supra, 656: Practice Book § 440.
The court now considers the plaintiff's June 17, 1996 objection. There are two reasons stated in the plaintiffs' objection to the acceptance of the report. First, the plaintiffs claim that the miscalculation of interest by the landlord as found by the ATR is a violation of C.G.S. § 47a-12(d)(2) which requires the court to double the $8,600 security deposit. Second, plaintiffs claim the ATR erred in not concluding that a CUTPA violation occurred based on the ATR's findings of the landlord's actions and omissions.
In support of the first argument, the court has considered the following findings in the ATR's corrected report. A security deposit of $8,600 was paid by the tenants to the landlords at the commencement of the lease in April of 1992. Upon the termination of the lease, the landlords credited the tenants with interest paid at the passbook rate of People's Bank where the security deposit had been placed. The amount of interest credited by the landlords to the tenants on the security deposit was $215.00. The statutory interest for that period of time in accordance with C.G.S. § 47a-21(i) was $379.93. The landlords had underpaid the interest in the amount of $164.93 which was a violation of C.G.S. § 47a-21(i). The ATR credited that interest short-fall of $164.93 to the tenants on the landlords' money damage claims. The ATR did not recommend a judgment doubling the security deposit in accordance with C.G.S. § 47a-21(d)(2).
The ATR further found that the tenants never informed the landlords in writing of their forwarding address after the termination of the lease. The lease terminated on May 31, 1993 and the landlords sent a letter on June 29, 1993 containing a check and detailed itemization of damages. Enclosed with the June 29, 1993 letter was a payment by which the landlords returned to the tenants the $8,600.00 security deposit, accrued interest of $215.00 less itemization of damages of $3,813.94 for net damages of $4,786.06 plus $215.00 interest. The ATR found that the landlords did comply with C.G.S. § 47a-21(d)(2) and violated CT Page 6383 C.G.S. § 47a-21(i).
As to the second ground for objection regarding CUTPA, in addition to the improper interest finding, the ATR made the following findings. On June 29, 1993, the landlords withheld damages in the amount of $3,813.94 pursuant to a detailed itemization contained in that letter. At trial, only $1,944.40 was allowed for damages. The plaintiffs claim that this over withholding of damages by the landlords was bad faith. The security deposit was placed in a People's Bank interest bearing account. This was not a separate escrow account required by statute. On two occasions the landlords allowed the People's Bank account to be used for other purposes and thus, for a short period, had a balance less than $8,600.00. The ATR found that the landlords violated the escrow requirements of C.G.S. § 47a-21(h). The ATR after considering the escrow violations, the interest violations and the over withholding of physical damages concluded that they "do not amount to an offense against public policy or cause the type of substantial injury that CUTPA was designed to address. Normand Josef Enterprises, Inc. v.Connecticut National Bank, 230 Conn. 486, 524-525 (1994)."
SECURITY DEPOSIT DOUBLING IS LIMITED TO A VIOLATION OF THESPECIFIC SUBSECTION OF CONNECTICUT GENERAL STATUTES § 47a-21(d)(2).
The plaintiffs' claim and the ATR has found that the landlord violated C.G.S. § 47a-21(h) (escrow account) and C.G.S. § 47a-21(i) (interest calculation). Neither subsection (h) nor (i) contain any penalty provisions. Subsection (k) of the statute contains various penalty provisions. The statutory penalties in subsection (k) are either criminal or administrative and not civil. These subsection (k) penalty provisions are beyond the jurisdiction of the Housing Session in this case. If the legislature had intended to include a doubling of the security deposit for violation of subsections (h) and (i), they could have added that to the statute.
The penalty of doubling of the security deposit is only contained in subsection (d). C.G.S. § 47a-21(d)(2). The statute has been strictly construed. For the tenant to receive a doubling of the damages however, the tenant must give written notice of the forwarding address in the manner set forth in the statute. The ATR in this case found that the tenants did not give written forwarding address notice. By statute, the doubling of the security deposit cannot be ordered by this court. The statute is CT Page 6384 strictly construed. Broadnax v. Moore, NH-452 (1989). Maskiell v.Lynch, H-221 (1980).
"Inasmuch as the statute in question exacts a penalty equal to one hundred percent of the plaintiffs' actual damages, the court views it as penal in nature and therefore to be strictly construed. In particular, we regard the written notice of the tenant's forwarding address as an essential element in the statutory procedure, and we believe it is in implicit in § 47a-21(d)(2) that such notice be given in time to enable the landlord to direct his response to such address within thirty days following termination of the tenancy. Since no evidence was admitted in this case that such notice was given, we decline to hold the defendant liable for the penalty." Brevold v. Faienza,
H-318, March 29, 1982 (Maloney, J.). The Appellate Court, without citing other Housing Session cases, has discussed the elements of proof for the court's authority to double a security deposit. Although not using the phrases "strictly construed" or "penal nature", the Appellate Court stated: "The court, therefore, need only determine two factual questions to award twice the value of the security deposit under the statute. (1) Was the security deposit returned with interest, or a written notification of damages delivered, within thirty days of the tenant's termination; and (2) if a written notification of damages was delivered, was the balance of the security deposit and a statement of damages delivered within sixty days of the termination?" Kufferman v. Fairfield University, 5 Conn. App. 118,122 (185).
This court believes that the doubling of a security deposit can only be awarded by the court upon a finding of a violation of C.G.S. § 47a-21(d)(2) only, not any other subsection of C.G.S. § 47a-21. No security can be doubled without strict compliance with the statute. It must be strictly construed for the landlord and if the landlord fails to comply, the penalty will be imposed. It must be strictly construed for the tenant and if the tenant fails to comply, the tenant forfeits the right to collect the doubling penalty. This position finds support in the following Housing Session cases: Kulenski v. Siclari,1990 Ct. Sup. 4026, NH-539, November 3, 1990 (Vertefeuille, J.); Birney v.Barretta, 1993 Ct. Sup. 6737, July 27, 1993 (Riddle, J.); Keillv. Howland, 1995 Ct. Sup. 11169, September 1, 1995 (Levine, J.);Denino v. Valenti, 1993 CT. Sup. 8193, September 30, 1993 (Riddle, J.). Collazo v. Dias, NH-155, 1991 Ct. Sup. 4050, May 30, 1991 (Vertefeuille, J.). CT Page 6385
The ATR found that the tenants did not furnish written notice to the landlords of their forwarding address. No doubling of the security deposit can be ordered. The ATR's conclusion of no doubling of the security deposit is consistent with her findings and is in accordance with the applicable law.
In addition, the ATR found that the lease terminated on May 31, 1993 and within thirty days thereafter the landlords sent a detailed itemization along with a payment of the full security deposit and accrued interest less damages. Therefore, the ATR found and concluded that the actions of the landlords were in compliance with C.G.S. § 47a-21(d)(2) and recommended no doubling of the security deposit. The ATR's conclusions comport with applicable law. This court is upholding the decision of the ATR on the basis that the tenants failed to comply with the written notice requirement. The conclusions reached by the ATR were correct, albeit for a different reason. This decision is supported by P.A. 96-7 effective October 1, 1996 in which a mistake in a security deposit interest calculation no longer would expose the landlord to a doubling of the entire security deposit, just the interest portion.
CONNECTICUT UNFAIR TRADE PRACTICES DOES NOT APPLY TO THEFACTS OF THIS CASE AS PLED.
In the third count of the complaint, the plaintiff claims money damages for violation of C.G.S. § 42-110g, Connecticut Unfair Trade Practices. The plaintiffs' pleadings do not distinguish between the allegations of unfair practices and the allegations of deceptive practices under the statute. C.G.S. § 42-110g authorizes the court to enter the following awards: (1) Actual Damages: (§ 42-110g(a)); (2) Punitive Damages: (§ 42-110g(a)); (3) Attorney's Fees: (§ 42-110g(d)). Plaintiff's claim for relief as to the CUTPA count claims "a. money damages in excess to $2,500 and less than $15,000; b. costs; c. interest". Punitive damages have not been claimed in the claims for relief. Attorney's fees have not been claimed in the claims for relief except in the fourth count as to C.G.S. § 42-150bb. The pleadings of the case do not authorize attorney's fees nor punitive damages on the CUTPA count. The plaintiffs second objection must be overruled on this ground.City of New Haven v. Mason, 17 Conn. App. 92, 96 (1988); Brill v.Ulrey, 159 Conn. 371, 374 (1970). CT Page 6386
CUTPA actions are applicable to disputes between landlords and tenants. Conaway v. Prestia, 191 Conn. 484, 493 (1983). Failure to comply with the security deposit statute in multiple violations may amount to a violation of CUTPA permitting an award of punitive damages and attorney's fees. Murphy v. Grigas, H-998, December 4, 1992 (Holzberg, J.). Not every violation of a statute supports a claim for CUTPA relief. Some statutes specifically define a violation of that statute as being a CUTPA violation. (See C.G.S. § 35-1.)
Statutory punitive damages under CUTPA are real punitive damages and are not limited to attorney's fees. Common-law punitive damages were limited to attorney's fees and were generally awarded if the actions of the parties were wilful, wanton or in reckless disregard of the rights of others. Collensv. New Canaan Water Co., 155 Conn. 477, 489 (1967). This rule has been adapted to the proof of punitive damages under CUTPA.Gargano v. Heyman, 203 Conn. 616, 622 (1987). Furthermore, it is the plaintiff's burden of proof to show an actual deceptive practice or a practice amounting to a violation of public policy, thus being unfair as alleged in the complaint. Daddona v. LibertyMobile Home Sales, Inc., 209 Conn. 243, 254 (1988).
The ATR reached the conclusion that the improper calculation of the interest, the failure to properly maintain the security deposit in an escrow account and the damage calculations for reasonable wear and tear found to be excessive "were not of the egregious nature addressed by CUTPA". This conclusion is in accordance with Connecticut law and is based on the facts as found.
The plaintiffs argued that the case of Murphy v. Grigas,
H-998 (Holzberg, J.) warrants the imposition of punitive damages. Notwithstanding the fact that the ATR had no authority to award attorney's fees or punitive damages since they were not pled in the plaintiff's claim for relief, the court will discuss Murphyv. Grigas. The landlord in that case collected two months security deposit totaling $1,900 which is in accordance with the maximum limit of the statute. C.G.S. § 47a-21(i). During the tenancy the landlord requested and the tenant paid an additional $1,000 for a total of security deposit of $2,900 which was then in violation of the two months rent limitation. At the termination of the tenancy it was found that the landlord did not put the security deposit in a separate account. No interest was earned on the security deposit. The account that the landlord put CT Page 6387 the money in was the regular account used to pay other expenses for the rental premises. No interest on the security deposit was paid on a periodic basis, and no interest was credited for the entire two years even after the termination of the tenancy. Judge Holzberg found that those actions were in violation of public policy and imposed damages. He ordered the return of the excess $1,000 security deposit, a doubling the security deposit and $12,500 punitive damages for the CUTPA violation.
The ATR reviewed Murphy v. Grigas and did not find it controlling. The ATR thus denied the second motion to correct. This court agrees with that conclusion of the ATR. In the instant case, only two months rent was collected as the $8,600.00 security deposit. The two months rent maximum was not violated. Although there was an intermingling of the security deposit, it was posted in a separate account which was interest bearing. On two occasions the amount of the security deposit was less than the $8,600 but for the majority of the time the security deposit remained inviolate and was not used for general expenditures. The incorrect amount interest was calculated and credit was given for a substantial portion of the interest at the termination of the tenancy. The landlords timely complied with the notification statute and the return of the security deposit. The court concurs with the conclusion of the ATR that under the facts of this case no violation of CUTPA was found. This conclusion is in accordance with the Connecticut law and the facts as found.
No exceptions were filed. The court does not have to restate the basis of the ATR's detailed findings of money damages in the first count. The award of attorney's fees conforms to the findings of the ATR as to count four. The court has corrected a scrivener's error in the ATR's recommendation. Practice Book § 443.
Count one damages were found to be $2,034.47 plus $473.20 interest for a total judgment on that count of $2,507.67. C.G.S.§ 42-150bb is a reciprocal attorney's fee statute which states "the size of the attorney's fee awarded to the consumer shall be based as far as practicable upon the terms governing the size of the fee for the commercial party." C.G.S. § 47a-4(7) limits the landlord's attorney's fees to fifteen percent of any damage judgment in residential matters against the tenant. In this caseC.G.S. § 42-150bb is only directory and not mandatory as to the tenant's attorney's fees. Fifteen percent of the tenant's judgment would be $376.15.
C.G.S. § 42-150aa(b) relates to claims of attorney's fees in CT Page 6388 written leases to "not more than fifteen percent of the amount of any judgment which is entered." This section of the statute appears mandatory. In order to resolve the apparent inconsistency between these attorney's fees statutes, it appears that courts are barred by statute from awarding landlords' attorneys no more than fifteen percent of the judgment. Although by statute, C.G.S.§ 42-150bb attorney's fees are recognized, tenants' attorney's fees are not limited to fifteen percent since the legislature added the phrase "as far as practicable". Although this court may have been inclined to award only $376.15 as attorney's fees, imposing the fifteen percent cap would be fact finding. The court cannot overrule the facts found by the ATR. The ATR found $678.16 to be an appropriate amount to award the tenants for attorney's fees. This court notes that $678.16 does not compensate the plaintiffs for their attorney's time spent on this matter. The pleadings fill up two court binders. The award of attorney's fees of $678.16 is in accordance with applicable law and the facts as found.
Judgment will enter for the plaintiffs on count one in the amount of $2,034.47 plus interest in the amount of $473.20 and on count four in the amount of $678.16 for attorney's fees. Costs are awarded.
TIERNEY, J.