## BEAL BANK, S.S.B. *v.* AIRPORT INDUSTRIAL LIMITED PARTNERSHIP ET AL.
### (AC 22431)

Lavery, C. J., and Mihalakos and Hennessy, Js.

Argued October 24, 2002—officially released January 7, 2003

*Richard P. Weinstein*, with whom was *Nathan A. Schatz*, for the appellants (defendants).

*Steven I. Frenkel,* with whom, on the brief, was *Thomas G. Ciarlone, Jr.,* for the appellee (plaintiff).

*Opinion*

LAVERY, C. J. In this mortgage foreclosure action, the defendants, Airport Industrial Limited Partnership, Michael R. Levin and John B. D'Agostino, appeal from the judgment of the trial court rendered following the granting of the motion of the plaintiff, Beal Bank, S.S.B., for a supplemental judgment ordering the defendants to pay to the plaintiff certain security deposits. The dispositive issue is whether a mortgage foreclosure action is the proper proceeding to determine the respective rights of the foreclosing mortgagee and the mortgagor with respect to commercial tenant security deposits where the tenants have not been made parties to the proceeding. We conclude that it is not and, therefore, reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendants' appeal. The plaintiff is the assignee of a mortgage, note, assignment of rents and UCC-1 financing statement (loan documents) relating to a commercial construction loan given to the defendants in the original amount of $5,360,000.[1] On August 7, 2000, following the defendants' default on the loan, the plaintiff commenced this mortgage foreclosure action against the defendants. On October 3, 2000, the court rendered a judgment of strict foreclosure pursuant to a stipulation of the parties. On October 6, 2000, title to the commercial property, which is located in East Granby, vested in the plaintiff.[2] Thereafter, the plaintiff filed a motion for a deficiency judgment, which the court denied.

---

[1] The parties subsequently modified the original loan documents.

[2] The subject property is a parcel of land on which a number of commercial buildings are situated.

On June 21, 2001, the plaintiff filed a motion for a supplemental judgment, requesting the court to order the defendants to pay to the plaintiff all tenant security deposits that they held with respect to the subject property. The court granted the plaintiff's motion and this appeal followed.

As a preliminary matter, we set forth the appropriate standard of review. Whether a mortgage foreclosure action is the proper proceeding to address the parties' dispute with respect to the tenants' security deposits is a question of law. Our review therefore is plenary. See *Wagner* v. *Clark Equipment Co.*, 259 Conn. 114, 122, 788 A.2d 83 (2002).

In its oral decision on the plaintiff's motion for a supplemental judgment, the court ordered the defendants to pay to the plaintiff all tenant security deposits that they held with respect to the foreclosed commercial property. The court further ordered that the security deposits be held in escrow for the benefit of the tenants. In an articulation of its decision, the court stated that it had "relie[d] on its equitable powers to fairly protect the tenants and secure their interest in the deposits in question" and that it had articulated fully its reasoning concerning the supplemental judgment in its oral decision that was rendered in a hearing after the court granted the defendants' motion to reargue the plaintiff's motion for a supplemental judgment. In that decision, the court stated that a security deposit "should be held for the benefit of the tenant subject to the tenant performing all the covenants of the lease," and that, if the tenant fails to perform all the obligations under the lease, the *present owner of the property* is entitled to "benefit from that security."

Initially, we note that General Statutes § 47a-21 (c), on which the plaintiff relies to support its position that the court properly granted its motion for a supplemental

judgment, relates only to residential real property and, therefore, is inapplicable to the present case, which concerns commercial premises. See *Hoban* v. *Masters*, 36 Conn. Sup. 611, 613, 421 A.2d 1318 (1980).[3]

We agree with the court that a security deposit, whether commercial or residential, is the tenant's property and that the landlord holds it for the tenant's benefit subject to the tenant's fulfilling all its obligations under the lease. Indeed, a security deposit by definition is "[m]oney deposited by tenant with landlord as security for full and faithful performance by [the] tenant of [the] terms of lease, including damages to premises. It is refundable unless the tenant has caused damage or injury to the property or has breached the terms of the tenancy or the laws governing the tenancy." Black's Law Dictionary (6th Ed. 1990).

We also agree with the court that in the present case, the tenants' interest in their security deposits should be protected. The tenants, however, were not made parties to the proceedings, and there is absolutely no evidence in the record regarding the postforeclosure status of their leases and security deposits. The issue of which party is entitled to hold the tenants' security deposits, therefore, could not have been litigated properly because the tenants, the parties most vitally affected, were not involved in the proceedings.[4] See,

[3] General Statutes § 47a-21 (c) provides in relevant part that "[a]ny security deposit paid by a tenant shall remain the property of such tenant in which the landlord and his successor shall have a security interest . . . to secure such tenant's obligations. . . . Any voluntary or involuntary transfer of a landlord's interest in *residential real estate* to a successor shall constitute an assignment to such successor of such landlord's security interest in all security deposits paid by tenants of such transferred residential real estate." (Emphasis added.)

[4] At oral argument before this court, the plaintiff contended that the trial court properly determined that the plaintiff was entitled to hold the tenants' security deposits because all the tenants attorned to the plaintiff with respect to their leases and, therefore, the tenants' participation in these proceedings was unnecessary. Attornment is "[t]he agreement of a person to recognize a third party as a permissible successor party to a contract; most often, the

e.g., *Meadowbrook Third Co-op, Inc.* v. *Hamden*, 165 Conn. 546, 549–50, 338 A.2d 475 (1973); *DeDominicis* v. *Cornfield Point Assn.*, 154 Conn. 504, 506, 227 A.2d 89 (1967); *Leo Foundation* v. *Cabelus*, 151 Conn. 655, 658, 201 A.2d 654 (1964). Accordingly, we conclude that under the circumstances of this case, the mortgage foreclosure action was not the appropriate proceeding in which to determine the security deposit issue.[5]

The judgment is reversed only as to the court's granting of the plaintiff's motion for a supplemental judgment and the case is remanded with direction to deny that motion. In all other respects the judgment of strict foreclosure is affirmed.

In this opinion the other judges concurred.

agreement of a tenant to pay rent to a new landlord, especially a mortgagee who has foreclosed." Black's Law Dictionary (6th Ed. 1990). There is absolutely no evidence *in the record* regarding attornment between the plaintiff and the tenants and, therefore, the plaintiff's contention is without merit.

[5] We note that a declaratory judgment action that includes all the necessary parties, including the tenants, appears to be the most efficacious proceeding to determine the issue.